JUDGE KOELTL

11 CIV 0110

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LESLIE DEUTSCH, on behalf of herself
and the classes defined herein,

            Plaintiffs,

v.

STEVEN J. BAUM, PC and
EVERHOME MORTGAGE COMPANY INC.
           Defendants.
-----------------------------------------------------------X

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED JAN 06 2011 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, by her attorney The Law Offices of Shimshon Wexler, P.C., as and for her complaint against the defendants, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Steven J. Baum, PC ("Baum") and Everhome Mortgage Company Inc. ("Everhome"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and New York State General Business Law §349 ("GBL 349") for deceptive practices.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f. The GBL §349 prohibits deceptive practices in business.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' communications were received by plaintiff within this District;

   b. Defendants do business within this District.

## PARTIES

5. Plaintiff, Leslie Deutsch ("Deutsch"), is an individual who resides in New York County, New York.

6. Defendant, Baum, is a professional corporation chartered under New York law with offices at 220 Northpointe Parkway, Suite G, Amherst, New York 14228.

7. Defendant, Everhome, is a corporation chartered under Florida law with offices at 8100 Nations Way, Jacksonville, Florida 32256. Its registered agent to accept process is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

8. Upon information and belief, Baum is a law firm engaged in the business of collecting debts allegedly owed to others and is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

9. On or about October 5th 2010, Baum sent Deutsch a collection communication with reinstatement figures for her financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal home loan. See Exhibit A.

10. At all relevant times Baum was acting in concert with and/or on behalf of Everhome in order to collect this debt.

11. On or about October 21st, 2010 plaintiff reinstated her loan with a payment of $13,431.22.

12. Baum told plaintiff's attorney that they would accept no payments on the account if they were not the estimated amount, namely $13,431.22 even if that was not the current balance.

13. Plaintiff's attorney requested clarification, and was told that even if payment was made for $12,500, an amount that ultimately proved to be far in excess of what was required to reinstate the loan, the payment would be returned.

14. The reinstatement figures showed that as of October 4th a charge of $50 for Skip Trace was due and part of the amount owed and due and included in the charges already incurred by the plaintiff. **See Exhibit A**

15. Nevertheless, the skip trace charge was ultimately refunded. **See Exhibit A**

16. Plaintiff was charged $400 for legal fees to foreclose. **See Exhibit A**

17. Plaintiff's attorney requested documentation, itemization or any information concerning the charge of $400 for the legal fee to foreclose. This request was to Daniel Szafran, an employee at Baum, as well as from the law firm itself by means of written letters and faxes.

18. Upon information and belief, no work was done towards Deutsch's file entitling Baum to the $400 legal fee to foreclose.

19. Upon information and belief, the $400 was not earned as of October 4th, 2010 nor as of any other time as it relates to work involving this case.

20. Baum failed and refused to provide an itemization or any other information concerning work done involving this case. Upon information and belief, the reason for this is because Baum did not have any information as it had done no work in this case.

21. Upon information and belief, this case involved a nonjudicial foreclosure process as it involved a cooperative share loan.

22. Upon information and belief, this is a Fannie Mae loan and Baum is on the Fannie Mae Attorney Retained List. By being on the list, Baum is given the opportunity to foreclose upon Fannie Mae loans.

23. Upon information and belief, the maximum fee which Fannie Mae allows to be charged in a case like this is $800. In order to earn the $800 includes all steps in the foreclosure process, including the transfer of the stock and the lease for an occupied cooperative unit.

24. Upon information and belief, the steps necessary to earn the $800, are as follows:

1. Ordering title
2. Reviewing title reports and exceptions
3. Preparing all necessary legal papers to initiate the nonjudicial foreclosure process, including Substitution of Trustee, Notice of Default, and Notice of Sale
4. Recording the necessary documents in the appropriate county recorder's office
5. Executing all steps necessary to obtain service of process on all persons entitled to notice, including review of process server affidavits and referral and tracking of published notices
6. Publishing and posting the requisite notices as required by local foreclosure law
7. Preparing all legal papers to conduct the foreclosure sale
8. Conducting, or arranging for sheriff or other third party to conduct, the foreclosure sale

9. Preparing and filing a report of sale with the local court or recorder's office, where required by local law
10. Preparing all legal papers necessary to convey title to Fannie Mae or a successful third-party bidder

25. Upon information and belief, Baum did not do any work in this case but if it did, the fee must be prorated to reasonably relate to the amount of work actually performed.

26. Baum did not provide any documentation or information for the charges relating to the legal fees to foreclose.

27. Plaintiff wrote to Everhome advising that it had not been provided any information from Baum as to the legal fees and to please provide her with documentation or an explanation as to how the $400 was allowed to be charged.

28. Everhome responded dated November 18th, 2010 that plaintiff needed to contact Baum relating to the charge. **See Exhibit B**

29. Plaintiff contacted Baum again regarding the legal charge and was again given no information.

30. Plaintiff sent another qualified written request to Everhome requesting an explanation for the charges explaining that Baum had not provided her with any information.

31. Everhome again responded on December 27, 2010 that they had enlisted

32. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

33. The conduct of Baum in this case violates 15 U.S.C. §§1692, 1692e and 1692f.

34. Section 1692e entitled False or Misleading Representations provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…..

  (2) The false representation of-

   (A) the character, amount, or legal status of a debt.

  (10) The use of any false representation or deceptive means to collect or attempt

   to collect any debt.

Section 1692f entitled Unfair Practices provides: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

  (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

35. By acting as it did, Baum violated the above quoted provisions of the statute because it contained a falsely inflated balance.